UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
LYNNE S. MUSULIN, et al.,          :
                                   :Civil Action No. 11-770(RMB/KMW)
            Plaintiffs,            :
                                   :
        v.                         : **MEMORANDUM ORDER**
                                   :
GARDNER FOX ASSOCIATES, et al.,    :
                                   :
            Defendants.            :
_____:

THIS MATTER comes before the Court upon several motions for summary judgment. For the reasons that follow, the Court shall deny or dismiss each motion.

In April 2008, Nicholas and Lynne Musulin contracted with the defendant Gardner Fox Associates, Inc. ("Gardner Fox") to remodel their residence in Marlton Township, New Jersey. Gardner Fox subcontracted with the defendant Pearse Construction, Inc. ("Pearse Construction") for the framing and cabinetry, which, in turn, subcontracted with Cahal O'Kane Custom Carpentry for the carpentry work.

On December 20, 2008, as Nicholas Musulin was walking up a set of temporary stairs, one of the treads came loose. He fell, severely injuring his back. Mr. Musulin underwent various medical procedures and suffered several medical complications and infections. On June 29, 2009, Nicholas Musulin tragically passed away.

On December 28, 2010, Plaintiff Lynne S. Musulin brought this Wrongful Death and Survival Action on behalf of herself, her heirs, and the estate of Nicholas Musulin. The matter was removed to this Court on February 10, 2011, pursuant to 28 U.S.C. §§ 1332 and 1141 (diversity of citizenship.)

The Court now addresses each of the pending motions for summary judgment.

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law . . . ." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." <u>Id.</u> When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence: all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." <u>Meyer v. Riegel Prods. Corp.</u>, 720 F.2d 303, 307 n.2 (3d Cir. 1983). However, a mere "scintilla of evidence," without more, will not give rise to a genuine dispute for trial. <u>Anderson</u>, 477 U.S. at 252.

Plaintiff's Motion for Summary Judgment as to Liability
Against Gardner Fox. [Docket No. 82].

Plaintiff seeks summary judgment against Gardner Fox, arguing that the defendant was negligent at the work site. Gardner Fox concedes that it owed a duty of care to Plaintiff's decedent, but that issues of fact remain as to (1) how the accident occurred, (2) whether Gardner Fox broached its duty of care, and (3) whether or not the condition was unreasonably dangerous. After having read through the parties' lengthy submissions, the Court agrees with Gardner Fox. (The Court hastens to note, however, that the Court does not deny summary judgment solely on the basis that counsel inadvertently failed to file a proposed order). Summary judgment is therefore DENIED.

Gardner Fox's Motion for Partial Summary Judgment on
Liability Against Pearse Construction [Docket No. 84].

Gardner Fox brings a motion for partial summary judgment as to liability on its breach of contract count, Count IV of the Cross Claim. Specifically, Gardner Fox argues that per the terms of its contract with Pearse Construction, the defendant had an obligation to obtain insurance naming Gardner Fox as an additional insured. Pearse Construction opposes the motion, arguing, inter alia, that there is a genuine material dispute as to whether or not a contract exists. The Court finds, giving all favorable and reasonable inferences to the non-moving party, that there is a genuine dispute regarding whether the contract was

signed by Gardner Fox with authorization of Pearse McAleese or anyone at Pearse Construction.  This motion is therefore DENIED.

Remaining Motions [Docket Nos. 83 and 85].

Gardner Fox brings two additional motions: (1) a motion for an order granting partial summary judgment on Plaintiff's claims arising out of a loss of companionship [Docket No. 83]; and (2) a motion for an order granting partial summary judgment on Plaintiff's claim relative to the purported loss value of Coward Environmental Services, Inc. [Docket No. 85].  Plaintiff has filed an opposition to both motions.  The Court DISMISSES both motions as premature.  Such motions are more properly the subject of motions in limine to be decided by the Court at the time of trial, if necessary.  Accordingly, these motions are administratively terminated, and Gardner Fox may seek to reinstate them at the time set by the Court for the filing of in limine motions.

Accordingly, it is on this **4th** day of **February 2014, ORDERED** as follows:

(1) Plaintiff's motion for summary judgement be and is hereby **DENIED,** [Docket No. 82];

(2) Defendant Gardner Fox's motion for partial summary judgment be and is hereby **DENIED**, [Docket No. 83]; and

4

(3) Defendant Gardner Fox's motions for partial summary judgment are hereby **ADMINISTRATIVELY TERMINATED**, [Docket Nos. 84 and 85].

                                                        s/Renée Marie Bumb
                                                        RENÉE MARIE BUMB
                                                        United States District Judge